# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ALISHA R SILBAUGH, | |
| Plaintiffs, | Case No. C18-569 RSM |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ORDER OF DISMISSAL |
| Defendants. | |

This matter comes before the Court *sua sponte* on the Court's Order to Show Cause (Dkt. #15). Plaintiff Alisha Silbaugh has named as Defendants the Department of Homeland Security, Federal Protective Service Special Agent John Dean in his official capacity, and three unidentified officers. Dkt. #5. No Defendant has appeared in this matter.

Plaintiff Silbaugh filed this case on April 16, 2018. Dkt. #1. The Complaint was posted on the docket on April 19, 2018. Dkt. #5. Summonses were provided to Plaintiff on May 14, 2018, with a letter explaining how to fill them out. Dkt. #11. The following day, Ms. Silbaugh submitted purported proof of service. *See* Dkt. #12. This proof of service indicates that Ms. Silbaugh served unsigned summonses on the Department of Homeland Security via email and via mail to John Dean in the Federal Protective Service in Washington, D.C.

The above evidence indicates a failure to properly serve under Federal Rule of Civil Procedure 4. Specifically, the Court finds Ms. Silbaugh has not served the United States under that Rule, and that she has failed to serve signed summonses, which explains why no Defendant

ORDER TO SHOW CAUSE - 1

has appeared. Further, the time limit for service has now passed. Under Rule 4(m), the Court must dismiss this action without prejudice or order that service be made within a specific time, "unless plaintiff shows good cause for the failure."

On August 14, 2018, the Court issued an Order to Show Cause stating the above. Dkt. #15. The Court ordered Plaintiff to respond with "a short and plain statement telling the Court why the time limit for service should be extended in this case." *Id*.

In her Response, Ms. Silbaugh states "[i[n accordance with Rule 41, the Defendant has record of Ms. Silbaugh's current mailing address and email address yet fails to provide a response to the Court." Dkt. #16 at 1. Ms. Silbaugh indicates that at least one Defendant responded "through email" to a FOIA request. *Id*. She states that Defendants have failed to enter notices of appearance despite responding to her FOIA request. She then says "[f]or the reasons cited above, the time limit for service should be extended in this case for the stated term of nine months (per Rule 41) allowing the Defendant to appear." *Id*. at 2.

The Court finds that Ms. Silbaugh has failed to comply with the time limit of Rule 4(m) and failed to prosecute her case. Further, Ms. Silbaugh has failed to answer the Court's question by providing a reason why the time limit for service should be extended under that rule. Ms. Silbaugh, has not, for example, explained why more time would permit her to comply with the requirements for serving the United States. Defendants do not have an obligation to reach out to Ms. Silbaugh if they have not been served. It is not a given that Defendants would be aware of this case because Ms. Silbaugh has pursued a FOIA request related to facts at issue in this case. Even if Defendants were aware of this litigation, the technical requirements of service must be followed for this case to proceed, and have not been followed. Ms. Silbaugh provides no other valid basis for extending the time limit for service. Accordingly, this case must be dismissed.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED without prejudice.

2) All pending motions are terminated as moot.

3) This case is CLOSED.

DATED this 4 day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE